**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steve Speer, as trustee of the Plaintiff Taft-Hartley trust funds; Debra Margraf, as trustee of the Plaintiff Taft-Hartley trust funds; Local 640 Int'l Bhd. of Elec. Workers, a Taft-Hartley Trust; Nat'l Elec. Benefit Fund, a Taft-Hartley trust; and Phoenix Elec. Benefit Fund, a Taft-Hartley Trust,<br><br>        Plaintiffs,<br><br>vs.<br><br>JBJ Electric Co., LLC.,<br><br>        Defendant.<br><br>JBJ Electric Co., LLC.,<br><br>        Counter-Claimant,<br><br>vs.<br><br>Arizona Chapter NECA and Local 640 Int'l Bhd. of Elec. Workers, a Taft-Hartley Trust, et al.<br><br>        Counter-Defendants. | No. CIV-04-2110-PHX-MHM<br><br>**ORDER** |

Currently before the Court are Counter-Defendant International Brotherhood of Electrical Workers Local Union 640's ("IBEW") Motion for Attorney's Fees (Dkt.#33); Counter-Defendant IBEW Local 640's Motion to Dismiss, (Dkt. #36); Plaintiffs' Motion to Strike; Motion to Dismiss Counterclaim for Failure to State a Claim Upon which Relief may

1  [sic] Granted; and Motion to Sever, (Dkt. #38); and Defendant JBJ Electric Company, LLC's
2  Alternative Motion to Join Indispensable Third Party and Alternative Motion to Amend,
3  (Dkt. #43). After reviewing the papers, the Court issues the following order.

**I.   Background**

On October 7, 2004, Plaintiffs Steve Speer and Debra Margraf, each appointed trustees for various Taft-Hartley trust funds, and various trust funds ("Plaintiffs") filed this action in the present Court. (Dkt. #1). Specifically, Plaintiffs seek to collect contributions owed to them under a collective bargaining agreement that Defendant JBJ Electric Co. ("Defendant" or "JBJ"), entered into with a representative of IBEW Local 640. Plaintiffs assert their claim invoking federal claim jurisdiction under the Labor Management Relations Act, 29 U.S.C. § 185, and the Employee Retirement Security Act, 29 U.S.C. § 1132. (Complaint at ¶'s 8&15). Defendant filed its amended answer on November 17, 2004. (Dkt. #6). Its amended answer included an affirmative defense of "fraud in the execution" against Plaintiffs claim and a counterclaim against IBEW. Defendant's amended answer caused several motions to be filed, including Plaintiffs' Motion to strike ¶ 21 of Defendant's amended answer which set forth the "fraud in the execution," affirmative defense (Dkt. #12-1), Plaintiffs' Motion to sever (Dkt. #12-2) and IBEW Local Union 640's Motion to dismiss. (Dkt #14).

On June 28, 2005, this Court entered its Order addressing these motions. (Dkt. #30). The Court granted Plaintiffs' Motion to strike ¶ 21 of Defendant's amended answer and denied Plaintiffs' Motion to sever the main action from Defendant's counterclaim but granted Plaintiff's leave to reurge their motion should the Defendant successfully re-file a sufficient amended counterclaim. Lastly, the Court granted counter-Defendant IBEW's motion to dismiss Defendant's counterclaim and ordered Defendant to file an amended pleading, if appropriate, within 20 days of the date of the Order. (Dkt.#30).

Since the June 28, 2005 Order, Defendant has filed a Second Amended Answer and has set forth allegations to support its affirmative defense in ¶21 of "fraud in the execution" in response to Plaintiffs' claims under the collective bargaining agreement as well as asserted

- 2 -

a declaratory counterclaim against both Plaintiffs and counter-Defendant IBEW as well as several other entities. (Dkt. #34). The filing of Defendant's Second Amended Answer has again set off a similar chain reaction to when it filed its first amended answer. Counter-Defendant IBEW again moves to dismiss Defendant's counterclaim against it. (Dkt. #36). Additionally, Plaintiffs move to strike the revised affirmative defense of "fraud in the execution" set forth by Defendant in paragraph 21 of Defendant's Second Amended Answer and move to sever Defendant's counterclaim if it is dismissed against Plaintiffs and permitted to stand against counter-Defendant IBEW. Moreover, because Plaintiffs are now expressly named in Defendant's counterclaim they also move to dismiss Defendant's declaratory counterclaim for failure to state a claim. (Dkt. #38). Defendant has issued its Response to these Motions as well as an Alternative Motion to join an indispensable party and Alternative Motion to amend. (Dkt. #43).

**II.    Counter-Defendant IBEW's Motion to Dismiss Defendant's Counterclaim**

    **A.    The Court's June 28, 2005 Order Did Not Prohibit Defendant From Re-filing Its Counterclaim Against Counter-Defendant IBEW**.

Counter-Defendant IBEW contends that based upon the language of the Court's June 28, 2005 Order dismissing Defendant's counterclaim that Defendant is prohibited from filing another such counterclaim in its Second Amended Answer. However, the Court's Order does not provide against such action by Defendant. As Defendant notes, a clear reading of the Order demonstrates that Defendant's counterclaim against IBEW was not dismissed with prejudice and the Court granted Defendant the opportunity to re-file its amended counterclaim against IBEW.

The Court dismissed the original counterclaim on two bases: (1) Defendant's improper joinder of IBEW and (2) Defendant's failure to plead fraud with particularity.[1] Specifically, the Court stated "Defendant's counterclaim and affirmative defense fails to meet the

---

[1] The Court also struck Defendant's affirmative defense in ¶21 to Plaintiff's Complaint on the basis that Defendant failed to plead it with particularity as required by Rule 9(b) Fed.R.Civ.P.

- 3 -

requirements of Rule 9(b).  Therefore, Defendant's counterclaim is dismissed without prejudice."  The only counterclaim at issue at this time was Defendant's counterclaim against IBEW.  Moreover, on page 5 of its Order, the Court again reiterated its position allowing Defendant leave to re-file its counterclaim when in denying Plaintiffs' Motion to sever the Court noted that "Plaintiffs are granted leave to reurge their motion should Defendant successfully file an amended counterclaim satisfying Rule 9(b) requirements."  Again, the only applicable counterclaim at issue at the time of the Court's Order was Defendant's counterclaim against IBEW.  Thus, IBEW's argument in this respect is misplaced.

**B.     However, Defendant Has Again Failed To Comply With Rule 13(h) In Asserting Its Counterclaim Against IBEW.**

In another effort to comply with the Rule 13(h) Fed.R.Civ.P. Defendant has filed an amended declaratory counterclaim against both IBEW and Plaintiffs.  As the Court noted in its June 24, 2005 Order, "[u]nder Rule 13(h), an additional party may not be brought in where the counterclaim is directed solely against the new party and not against an existing party," Architectural Coatings Assoc. Ltd. v. P'ship v. Applied Coatings Int'l, Inc., 103 F.R.D. 442, 446 (D.C. Pa. 1984).  Thus, on the face of Defendant's declaratory counterclaim, Defendant has complied with Rule 13(h) by naming both IBEW, a non-existing party to the litigation, and Plaintiffs, an existing party.

However, as explained below, Defendant's declaratory counterclaim against both Plaintiffs and IBEW based upon "fraud in the execution" is made in name only with respect to Plaintiffs and fails to comply with Rule 9(b)'s particularity requirements in asserting a claim based upon fraud.  Thus, Defendant's declaratory counterclaim against Plaintiffs is not proper and will be dismissed. See Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d 1097, 1107 (9th Cir. 2003) (noting that claim based upon fraud may be dismissed where it fails to comply with Rule 9(b)'s particularity requirements).  Because Defendant has failed to assert a valid counterclaim against Plaintiffs, it again runs afoul of Rule 13(h) in asserting its counterclaim against IBEW, a non-existing party to the litigation, and thus Defendant's claim against it will again be dismissed. See Dunbar & Sullivan Dredging Co. v. John R. Jurgenson Co., 44

1  F.R.D. 467, 473 (S.D.OH 1967) (noting that in instances where defendant's counterclaim is
2  properly asserted against a plaintiff its counterclaim can be asserted against an additional
3  party whose joinder would comply with Rule 20) (emphasis added).  As a result of
4  Defendant's failure to assert a proper claim against Plaintiffs, Defendant has in essence
5  asserted its counterclaim against IBEW only; however, such a claim cannot stand under Rule
6  13(h).

**III.  Plaintiff's Motion To Strike ¶ 21 Of Defendant's Second Amended Answer And Motion To Dismiss.**

   **A.  Defendant Failed To Properly Plead Its Declaratory Counterclaim And Affirmative Defense Based Upon Fraud Against Plaintiffs.**

10  This Court has already cited that "Federal Rule of Civil Procedure 9(b) requires a
11  pleader of fraud to detail with particularity the time, place, and manner of each act of fraud,
12  plus the role of each defendant in each scheme. Lancaster Cmty Hosp. v. Antelope Valley
13  Dist., 940 F.2d 397, 405 (9th Cir. 1991) (emphasis added) (Court's June 24, 2005 Order at p.
14  3).  This rule is applicable to both fraud in the execution defenses and counterclaims. See
15  Sun Co., Inc., ® & M) v. Badger Design & Constr. Inc., 939 F. Supp. 365, 369 (E.D. Pa.
16  1996).  However, again Defendant fails to comply with Rule 9(b) as Defendant does not set
17  forth the basis with respect to the alleged role of each defendant, specifically Plaintiffs, in
18  the alleged fraudulent scheme against it.

19  Defendant completely fails to detail the alleged role of Plaintiffs in the alleged "fraud
20  in the execution" that is the basis of its declaratory counterclaim and identical affirmative
21  defense to Plaintiffs' collection claim.  Specifically, there is no credible allegation in the
22  counterclaim which suggests that Plaintiffs played any role in the alleged "fraud in the
23  execution," rather, Defendant's counterclaim based upon this alleged fraud relates solely to
24  the conduct of counter-Defendant IBEW's representative, Mr. Steve Speer, in executing the
25  collective bargaining agreement.  There are several instances in the Second Amended
26  Answer where Defendant acknowledges that Steve Speer, a named representative of the
27  Plaintiff pension funds, acted solely in his capacity as a representative of IBEW in executing
28  the agreement with Defendants. (Am.Answer ¶'s39&51). Importantly, as counter-Defendant

IBEW notes, a union and its representatives are not agents of a trust fund created by a collective bargaining agreement. E.g. Operating Engineers Pension Trust v. Cecil Backhoe Service, Inc., 795 F.2d 1501, 1507 (9th Cir. 1986).

Defendant's claim and affirmative defense can be summarized as follows: based upon Mr. Speer's conduct and statements "Defendant's representative assumed only that he had signed an application which might, upon signing other documents which could be reviewed in detail, allow Defendant to supply hours needed by Defendant's single union employee so as to preserve the employee's pension." Defendant allegedly was not aware that he had signed a collective bargaining agreement. (Am.Answer ¶21U & 58). Defendant does not relate any allegation directed toward the conduct of Plaintiffs in either Defendant's counterclaim or identical affirmative defense. As such, Defendant has failed to comply with Rule 9(b)'s particularity requirements in asserting its counterclaim and affirmative defense against Plaintiffs. Thus, Plaintiff's motion to dismiss for failure to state a claim will be granted and the Court will again strike ¶21 of Defendant's Second Amended Answer to Plaintiffs' Complaint setting forth the identical allegations of Defendant's counterclaim against IBEW and Plaintiffs.

**IV.   Defendant's Motion To Join Indispensable Third Party And Alternative Motion To Amend**.

For the reasons set forth above, this Court will not permit Defendant to join the IBEW as a party to the present litigation. Joinder of IBEW under Rule 19 or 20 would violate Rule 13(h) as the Court would be permitting Defendant to join its counterclaim against a non-existing party only. As such, Defendant's Motion to Join an Indispensable Third Party is denied.

Moreover, this Court will not grant Defendant's Motion to amend its counterclaim. This Court considers four factors when determining whether a party will be permitted leave to amend: (1) undue delay; (2) bad faith or dilatory motive; (3) futility of amendment and (4) prejudice to the opposing party. In re Circuit Breaker Litigation, 175 F.R.D. 547, 550 (C.D.

1   Cal. 1997) (citations omitted). There is no evidence in the record suggesting that Defendant
2   has engaged in bad faith or with any degree of dilatory motive in seeking this amendment.
3   However, allowing Defendant to file another amended counterclaim would unfairly
4   prejudice Plaintiffs right to a streamlined resolution regarding its claim for contributions. As
5   noted in <u>Southwest Administrators, Inc. v. Rozay's Transfer</u> 791 F.2d 769, 777 (9th Cir.
6   1986), *cert denied*, 479 U.S. 1065, 107 S.Ct. 951 (1987), one of the main purposes of ERISA
7   is to provide such a procedure for a collection plaintiff. By allowing Defendant to file
8   another amended counterclaim, Plaintiffs would likely be further delayed in pursuing their
9   claim for contributions. Moreover, it is relevant to note that in asserting its Motion to amend,
10  Defendant makes no showing of how it will amend to assert a valid counterclaim against both
11  Plaintiffs and IBEW. Given that this Court has already given Defendant an opportunity to
12  amend to assert a valid counterclaim it is apparent that any such amendment of the
13  counterclaim would be futile in light of Rule 13(h)'s requirements. <u>See</u> <u>Noll v. Carlson</u>, 809
14  F.2d 1446, 1448 (9th Cir. 1987) (noting that it is not an abuse of discretion to dismiss with
15  prejudice if amendment would be futile). Lastly, it is important to note that Defendant is not
16  without recourse against IBEW as it still has available the ability to assert a Third-Party
17  Complaint in this action pursuant to Rule 14, Fed.R.Civ.Pro, which likely would have been
18  the proper procedural remedy, subject to the Court's discretion, or bring a separate action
19  against IBEW based upon any liability that IBEW may bear due to its alleged wrongful
20  conduct. <u>See Id.</u>

21  Thus, because of the further delay that would likely result if Defendant were granted
22  another opportunity to amend its counterclaim, the apparent futility of such an amendment
23  and the fact that Defendant is not without recourse against IBEW, Defendant's Motion to
24  Amend its counterclaim is denied.

25  **V.    IBEW's Motion For Attorney's Fees.**

26  On July 14, 2005, IBEW filed a motion for attorney's fees incurred in responding to
27  Defendant's original counterclaim. (Dkt. #33).  As discussed at the outset of this Order,
28  IBEW was mistaken that the Court dismissed Defendant's counterclaim without leave to

1 amend, thus IBEW presumed it was the successful party and entitled to such an award. See
2 A.R.S. § 12-341.01(A) (requiring applicant to be "successful party" to recover attorney fee
3 award). Thus, IBEW's motion for attorney's fees is denied as premature.

4 **Accordingly,**

5 **IT IS HEREBY ORDERED** IBEW's motion for an award of reasonable attorneys'
6 fees and related non-taxable costs is **DENIED WITHOUT PREJUDICE**. (Dkt.#33).

7 **IT IS FURTHER ORDERED** IBEW Local 640's Motion to dismiss is **GRANTED**.
8 (Dkt.#36). Defendant's counterclaim is dismissed **WITH PREJUDICE** to the extent that
9 Defendant attempts to assert a counterclaim against IBEW. However, Defendant is not
10 precluded from attempting to assert a third-party complaint against IBEW in this action or
11 bring a separate action against IBEW.

12 **IT IS FURTHER ORDERED** Plaintiffs' Motion to strike ¶ 21 of Defendant's
13 Second Amended Answer and Motion to dismiss counterclaim for failure to state a claim
14 upon which relief may [sic] granted is **GRANTED.** (Dkt.#38). The clerk is Ordered to strike
15 ¶21 of Defendant's Second Amended Answer. Plaintiffs' Motion to Sever is Denied as moot.

16 **IT IS FURTHER ORDERED** Defendant JBJ Electric Company, LLC's Alternative
17 Motion to join indispensable third party and Alternative Motion to amend its counterclaim
18 is **DENIED**  (Dkt. #43).

19 DATED this 25th day of March, 2006.

_____
Mary H. Murgula
United States District Judge