**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dale Jacks, as trustee of the Plaintiff Taft-Hartley trust funds; Debra Margraf, as trustee of the Plaintiff Taft-Hartley trust funds; Local 640 Int'l Bhd. of Elec. Workers, a Taft-Hartley Trust; Nat'l Elec. Benefit Fund, a Taft-Hartley trust; and Phoenix Elec. Benefit Fund, a Taft-Hartley Trust, | No. CIV 04-2110-PHX-MHM |
| Plaintiffs, | **ORDER** |
| vs. | |
| JBJ Electric Co., LLC., | |
| Defendant. | |

        Currently before the Court is Defendant JBJ Electric Company, LLC's ("Defendant" or "Defendant JBJ") Motion to Amend Complaint to Join Third Party Defendant and Motion for Leave to File Motion for Reconsideration for Good Cause. (Dkt.#71). After reviewing the pleadings and determining oral argument to be unnecessary, the Court issues the following Order.

**I.      Motion to Amend**

        On March 25, 2006, the Court granted then Counter-Defendant International Brotherhood of Electrical Workers Local Union 640's ("IBEW") motion to dismiss Defendant's counterclaim against IBEW as well as granted the Plaintiff Trustees'  motion to

dismiss Defendant's counterclaim (Dkt.#49).  The Court held that Defendant failed to comply with Rule 13(h) of the Federal Rules of Civil Procedure in asserting its counterclaim against Plaintiffs and IBEW because the claim against Plaintiffs was made in name only and did not state a claim against Plaintiffs.  (Dkt.#49, p. 4-5).  As a result, Defendant could not assert a counterclaim against IBEW because to do so would violate Rule 13(h)'s requirement that any counterclaim against a new party also be asserted against an existing party.  See Architectural Coatings Assoc. Ltd. Partnership v. Applied Coatings Intern., Inc., 103 F.R.D. 442, 446 (D.C. Pa. 1984) (stating that additional party may not be brought in where counterclaim is directed solely against the new party and not against existing party).  Moreover, the Court denied Defendant's motion to join IBEW as a party to the litigation because to do so would again violate Rule 13(h).  In addition, the Court denied Defendant's motion for leave to amend its counterclaim against IBEW because of futility and potential prejudice to Plaintiffs' ability to obtain a streamlined resolution regarding Plaintiffs' claim for contributions. (Dkt.#49, pp,6-7).  Upon denying Defendants' request to amend, the Court noted that Defendant possessed "the ability to assert a Third-Party Complaint in this action pursuant to Rule 14, Fed.R.Civ.Pro., which likely would have been the proper procedural remedy, subject to the Court's discretion, or bring a separate action against IBEW..." (Dkt.#49, p.7). On June 8, 2006, the Court conducted a Rule 16 hearing in this case at which time the applicable deadlines were imposed.  Notably, the Court imposed a deadline for July 7, 2006 regarding the time to amend and to join additional parties. (Dkt.#64).

On July 7, 2006, Defendant filed its instant Motion to Amend to assert a third-party claim against IBEW pursuant to Rule 14 of the Federal Rules of Civil Procedure.  Rule 14 provides in pertinent part:

> At any time after the commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff.

Defendant argues that leave to amend is proper because the proposed declaratory complaint against IBEW is interrelated with Plaintiffs' claims against Defendant.

Specifically, should the Court find in favor of Defendant on its declaratory third-party claim regarding the validity of the collective bargaining agreement, then Plaintiffs' claim for contributions based upon the validity of the collective bargaining agreement would fail also. Moreover, Defendant relates that its claim against IBEW arises out of the same set of operative fact as Plaintiffs' claims against Defendant.

The Court, in the exercise of its discretion, will not grant Defendant leave to assert a third-party complaint against IBEW. The Court finds the holding in <u>Southwestern Administrators, Inc. v. Rozay's Transfer</u>, 791 F.2d 769, 777 (9th Cir. 1986), *cert denied*, 479 U.S. 1065 (1987) is instructive in this regard. In <u>Southwestern Administrators</u>, which involved a claim for contributions by an employee benefit trust fund against the defendant employer pursuant to the terms of a collective bargaining agreement, the Ninth Circuit affirmed the district court's denial of the defendant employer's request for leave to file a third-party complaint against the union. <u>Id.</u> Specifically, the Ninth Circuit held it was reasonable for the district court to find that allowing such a pleading "would be inconsistent with the purposes of ERISA in providing a streamlined and simplified procedure for employee benefit trust funds to collect delinquent contributions." <u>Id.</u> The Court finds the same situation is presented here. To allow the third-party complaint against IBEW at this stage of the litigation would hinder the Plaintiffs' ability to obtain a "streamlined" resolution of their claim for contributions. As such, Defendant's Motion to Amend is denied.

**II.     Motion for Leave to File Motion for Reconsideration**

Defendant also seeks leave to file a motion for reconsideration regarding the Court's ruling striking Defendant's affirmative defense of fraud in the execution to Plaintiffs' claims. Defendant seeks leave because the applicable ten-day period to assert such a motion has long past. <u>See</u> LRCiv. 7.2(g). The Court issued its order on March 25, 2006. (Dkt.#49). Defendant did not file his instant Motion for leave to assert the motion for reconsideration until July 11, 2006. (Dkt.#71).

Motions for reconsideration are disfavored and only appropriate if the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision

1   was manifestly unjust, or (3) if there is an intervening change in controlling law." <u>School</u>
2   <u>Sist. No. 1J, Multnomah County v. ACandS, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert.*
3   *denied*, 114 S.Ct. 2742 (1994).  Here, Defendant contends that the possibility that the Court
4   committed clear error in its March 25, 2006 order, justifies leave to file the instant motion
5   out of time.  Defendant contends that the Court erred with its determination that Defendant's
6   fraud in the execution affirmative defense was deficient because of Defendant's failure to
7   detail the alleged role of Plaintiffs in the alleged fraud. (Dkt.#49, p.5); <u>see also</u> <u>Sun Co., Inc.,</u>
8   <u>(R&M) v. Badger Design & Const. Inc</u>., 939 F. Supp 365, 369 (E.D. Pa. 1996) (holding that
9   Rule 9(b) is applicable to both fraud in the execution defenses and counterclaims).  Rather,
10  it is Defendant's position, that to adequately plead this affirmative defense, it is not necessary
11  to plead any active fraud on the part of the pension or trust funds, such as the Plaintiffs in this
12  case.  In other words, the Defendant contends that it was only necessary to plead with
13  particularity its fraud in the execution defense involving IBEW, not Plaintiffs as well.

14         Upon reviewing Defendant's position and cited authority, the Court finds that there
15  is sufficient good cause to grant Defendant leave to file a motion for reconsideration on the
16  issue discussed above.  It is directed that Defendant shall file any such motion for
17  reconsideration within seven (7) business days from the date this Order is filed.  Should
18  Defendant not file any such motion by this time, the Court will consider this issue waived.
19  In addition, should Defendant file such a motion for reconsideration, any response by
20  Plaintiffs will be due no later than five (5) business days thereafter.  No Reply brief is to be
21  filed absent an order from the Court.  <u>See</u> LRCiv 7.2(g)

22         **Accordingly,**

23         **IT IS HEREBY ORDERED** granting in part and denying in part Defendant's Motion
24  to Amend Complaint to Join Third Party Defendant and Motion for Leave to File Motion for
25  Reconsideration for Good Cause. (Dkt.#71).  Defendant's Motion is denied to the extent that
26  Defendant seeks to amend to assert a third-party complaint.  Defendant's Motion is granted
27  to the extent Defendant seeks leave to file a motion for reconsideration regarding the Court's
28  March 25, 2006 order.

- 4 -

1    **IT IS FURTHER ORDERED** that Defendant shall file any such motion for

2    reconsideration within seven (7) business days from the date this Order is filed.  Should

3    Defendant not file any such motion by this time, the Court will consider this issue waived.

4    In addition, should Defendant file such a motion for reconsideration, any response by

5    Plaintiffs will be due no later than five (5) business days thereafter.  No Reply shall be filed,

6    absent an order from the Court.

7        DATED this 13th day of November, 2006.

8

9

10   _____

11                Mary H. Murguia
                  United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28